b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CATHY JEANSONNE,<br>Appellant | CIVIL DOCKET NO. 1:18-CV-01121 |
| VERSUS | JUDGE DRELL |
| UNITED STATES COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br>Appellee | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Cathy Jeansonne filed a Rule 59 Motion to Alter or Amend Judgment.  ECF No. 20.  Because, Jeansonne has not identified any manifest error of fact or law,  her Rule 59 Motion is DENIED.

### I.   Background.

Jeansonne filed a claim for DIB alleging a disability onset date of February 15, 2015 (ECF No. 13-1 at 150) due to stage 2 breast cancer (ECF No. 13-1 at 175).  That claim was denied by the Social Security Administration ("SSA").  ECF No. 13-1 at 87.

A *de novo* hearing was held before an Administrative Law Judge ("ALJ"), at which Jeansonne appeared with her attorney and a vocational expert ("VE").  ECF No. 13-1 at 18.  The ALJ found that, although Jeansonne had stage II breast cancer with post-bilateral mastectomy surgery (ECF No. 13-1 at 20), she has the residual functional capacity to perform sedentary work except that she can only occasionally kneel, stoop, crouch, and crawl (ECF No. 13-1 at 23).  The ALJ further found that,

although Jeansonne cannot perform her past relevant work, she has transferrable work skills and can do work that requires skills acquired in her past relevant work but no additional skills, such as a calculator operator, tax preparer, or insurance clerk. ECF NO. 13-1 at 27-28.

Jeansonne requested a review of the ALJ's decision, but the Appeals Council declined to review it. The ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). ECF No. 13-1 at 4.

On appeal to this Court, the sole issue raised by Jeansonne is whether the ALJ erred in finding Jeansonne's mental impairments are non-severe and cause no mental limitations in Jeansonne's ability to work. Jeansonne's appeal was denied. ECF No. 19. Jeansonne then filed this Rule 59 Motion to Alter or Amend Judgment. ECF No. 20.

## II. Law and Analysis

Jeansonne argues there are manifest errors of fact or law in the Court's ruling. Jeansonne raises three grounds for reconsideration: (1) the VE's testimony, that there is sedentary work Jeansonne can do, was in response to a hypothetical that assumed Jeansonne can do light work; (2) the semi-skilled work the ALJ found that Jeansonne can do exceeds the ALJ's finding that Jeansonne has the residual functional capacity to do sedentary work limited to simple, routine, repetitive tasks; and (3) the Medical-Vocational Guidelines found in 20 C.F.R. Pt. 404, Subpt. P, App. 2 ("the Grids") direct a finding of "disabled."

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. Reconsideration of a judgment is an "extraordinary remedy," and Rule 59(e) serves a "narrow purpose" of allowing a party to bring errors or newly discovered evidence to a court's attention. *See In re Rodriguez,* 695 F.3d 360, 371–72 (5th Cir. 2012); *Templet v. Hydrochem, Inc.,* 367 F.3d 473, 479 (5th Cir. 2004).

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Alexander v. Wells Fargo Bank, N.A.,* 867 F.3d 593, 597 (5th Cir. 2017) (citing *Schiller v. Physicians Res. Grp., Inc.,* 342 F.3d 563, 567 (5th Cir. 2003)). A district court has considerable discretion in deciding whether to reopen a case under Rule 59(e). *See Templet,* 367 F.3d at 479.

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

The Court's decision was sound, and firmly rooted in the record. First, the VE's testimony that Jeansonne can do specified sedentary jobs was in response to a hypothetical that asked whether there were *any sedentary or light* work jobs that

Jeansonne could do.  ECF No. 13-1 at 61.  Because the hypothetical encompassed both sedentary and light work, Jeansonne's first argument is misplaced.

Second, the ALJ found Jeansonne can do sedentary work with no more than occasional kneeling, stooping, crouching, or crawling.  ECF 13-1 at 28.  The ALJ did not restrict Jeansonne to only simple, repetitive, routine tasks, as she contends.[1]  Therefore, Jeansonne's second argument is also meritless because is it based on an erroneous statement of the facts.

Finally, Jeansonne argues that under "the Grids" she is considered disabled because she is of advanced age and is limited to sedentary and unskilled work.  But Jeansonne is not limited to unskilled work.  She can do some semi-skilled work using her previously acquired, transferrable work skills.

### III. Conclusion

Because Jeansonne has not identified any manifest error of fact or law, IT IS ORDERED that her Rule 59 Motion to Alter or Amend Judgment (Doc. 20) is DENIED.

THUS ORDERED AND SIGNED in Chambers in Alexandria, Louisiana on this 20th day of July 2020.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

---

[1] The undersigned's previous determination that the ALJ erred in concluding Jeansonne did not have any mental impairment was tempered by the conclusion that such impairment did not affect her ability to work.  The ALJ carefully noted that the semi-skilled, sedentary jobs Jeansonne can perform rely on previously acquired transferrable job skills, and do not require the acquisition of additional skills.  ECF No 13-1 at 27.